IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Alonzo N. Justice, | : | |
| Plaintiff | : | Civil Action 2:14-cv-0395 |
| v. | : | Judge Frost |
| Chris A. Martin, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**INITIAL SCREENING
REPORT AND RECOMMENDATION**

Plaintiff Alonzo N. Justice brings this civil rights action under 42 U.S.C. §1983 alleging that defendants denied him constitutional rights during a state criminal prosecution. Plaintiffs' motion to proceed without prepayment of fees and costs is GRANTED.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See, McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). The Magistrate Judge finds that the complaint fails to state a claim upon which relief may be granted and therefore **RECOMMENDS** dismissal of the complaint.

The complaint alleges that defendants Chris A. Martin and Gregg Marx denied

plaintiff due process of law because they "were without state statutory authority of substantive law to try and convict Justice of any state criminal offense." Defendants Scott P. Wood and Christopher M. Cooper conspired to deny Justice due process of law because "no state criminal charges were ever filed by law of the State." Defendants Norman Robinson and Tim Pollack "knowingly entered into the conspiracy by withdrawing money from plaintiff's personal account [relying on an order from the Ohio Court of Appeals issued in *State v. Alonzo Justice*, Case No. 2010-CA-00041, 2011 WL 3557802 (5th Dist. Ct.App. August 10, 2011)] in violation of the Fourth Amendment of the U.S. Constitution . . . ." On January 8, 2009, defendants *Eagle-Gazette* and Morgan Day printed "a news story without facts in support stating that plaintiff was 'accused' of being the leader of a drug ring., when plaintiff was never lawfully accused of any criminal act by law." (Complaint, p. 3, pt. III, Statement of Claim, Doc. 1-2, PageID 8.)

Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus*, 551 U.S. 89, 93127 S.Ct. 2197 (2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, __, 127 S.Ct. 1955, __ (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Moreover, *pro se* complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. at 94; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

Contrary to the allegations in the complaint, plaintiff Justice was charged and convicted of two counts of trafficking in crack cocaine, *State v. Justice,* 2010 WL 3835855 (5th Dist. Ct. App. September 29, 2010) and of manufacturing crack cocaine in the vicinity of a juvenile, possess of 10 to 25 grams of crack cocaine, and possession of powder cocaine. *State v. Justice*, 2011 WL 3557802 (5th Dist. Ct. App. August 10, 2011). Those convictions have never been overturned. Since a verdict for plaintiff on the claims presented here arising out of those criminal convictions would necessarily invalidate those criminal convictions, the complaint does not state a cognizable claim for relief under 42 U.S.C. § 1983. *See, Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994); *Chatman v. Slagle*, 107 F.3d 380, 382 (6th Cir. 1997).

Alternatively, defendants Martin and Marx are entitled to prosecutorial immunity. *Kalina v. Fletcher*, 522 U.S. 118, 129-131 (1997). The complaint fails to give defendants Cooper and Wood fair notice of the claim against them. Further, it does not allege that they were acting under color of state law, which is a necessary element of a claim under 42 U.S.C. § 1983. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Similarly, defendants *Eagle-Gazette* and Morgan Day are not alleged to have been acting under color of state law. Moreover, contrary to the allegations in the complaint, Justice was indicted by the grand jury, on two separate occasions, for felony drug offenses for which he was ultimately convicted.

Finally, the complaint does not state a claim against defendants Robinson and Pollack. First, it appears from the complaint and exhibits attached to the complaint that

3

they were acting under a lawful order of the Ohio Court of Appeals that he pay the costs associated with his unsuccessful appeals of his criminal convictions. Second, if the prison cashier erroneously withdrew money from Justice's prison account and forwarded it to the Ohio Court of Appeals, plaintiff's remedy was to file an appropriate state court action or motion with the Court of Appeals challenging that action. There is no remedy available to him under 42 U.S.C. § 1983 for the alleged erroneous deprivation of property. *Parrattt v. Taylor*, 451 U.S. 527 (1981); *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983).

Accordingly, it is hereby **RECOMMENDED** that the complaint be **DISMISSED** for failure to state a claim under 42 U.S.C. §1983.

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order.  Defendants are not required to answer the complaint unless later ordered to do so by the Court.

The Clerk of Court is DIRECTED to mail a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay St., 16th Floor, Columbus, OH  43215.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  See 28 U.S.C. §636(b)(1)(B); Fed. R.

Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge