# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

ALONZO N. JUSTICE,

        **Plaintiffs,**

                                  **Case No. 2:14-cv-0395**

        **v.**                            **JUDGE GREGORY L. FROST**

                                       **Magistrate Judge Mark R. Abel**

CHRIS A. MARTIN, et al.,

        **Defendants.**

## OPINION & ORDER

This matter is before the Court for consideration of the Magistrate Judge's Report & Recommendation (ECF No. 2) and Plaintiff's objections thereto (ECF No. 6).  For the reasons that follow, the Court **OVERRULES** the objections, **ADOPTS** the R&R, and **DISMISSES** Plaintiff's Complaint.

## I.      BACKGROUND

Plaintiff, who is proceeding *in forma pauperis* ("IFP"), brings his complaint against several defendants for violating his civil rights.  Plaintiff alleges that state prosecutors and other state actors conspired to pursue a criminal case against him "without lawful state authority . . . as no state criminal charges were ever filed," that state actors conspired to withdraw money from his personal bank account pursuant to an illegal state court order stemming from the aforementioned criminal case, and that a reporter and local newspaper conspired to publish a statement that Plaintiff was "accused of being the leader of a drug ring[, w]hen Plaintiff was never lawfully accused of any criminal act by law."  (ECF No. 1-2, at 4.)  Plaintiff brings his

claims pursuant to 42 U.S.C. § 1985.[1]

Because Plaintiff is proceeding IFP, the Magistrate Judge conducted an initial screening

of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). The Magistrate Judge

recommended that the Court dismiss Plaintiff's Complaint for failure to state a claim. In the

R&R, the Magistrate Judge noted that, contrary to the allegations in the Complaint that Plaintiff

was never charged with a crime, he actually was charged and convicted of several cocaine-

related offenses in 2009 and 2010. *See State v. Justice*, 5th Dist. No. 09-CA-66, 2010-Ohio-

4781; *State v. Justice*, 5th Dist. No. 10 CA 41, 2011-Ohio-4004.

Plaintiff timely objected to the R&R. The Court now considers those objections.

## II.     ANALYSIS

When a party timely objects to a report and recommendation, the Court "shall make a *de*

*novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P.

72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff first objects to the R&R on the ground that, because he is not a prisoner, the

screening provisions of 28 U.S.C. § 1915(e)(2) do not apply to this case, such that the Magistrate

Judge  wrongfully interfered with these proceedings by issuing the R&R. That argument is not

well taken. The screening provisions of § 1915(e)(2) apply to all cases in which the plaintiff is

---

[1] In his Complaint, Plaintiff erroneously described his claim as one under "28 United States Code, Section 1985," which does not exist. Recognizing that pleadings, especially those filed by a *pro se* plaintiff, are to be construed by their substance and not by form, the Court proceeds with the understanding that Plaintiff intended to bring his claims under 42 U.S.C. § 1985.

proceeding IFP; Plaintiff's status as a non-prisoner is irrelevant to that issue. *See, e.g., Brewer v. Cleveland Mun. Sch. Dist.*, 84 F. App'x 570, 571–73 (6th Cir. 2003) (affirming a district court's dismissal under § 1915(e)(2) of a complaint filed by a non-prisoner who was proceeding IFP); *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997). After granting Plaintiff's motion for leave to proceed IFP, the Magistrate Judge correctly screened Plaintiff's complaint and issued a recommendation. Plaintiff's first objection therefore is without merit.

For his next objection, Plaintiff argues that the Magistrate Judge incorrectly analyzed his claims under 42 U.S.C. § 1983, a statute Plaintiff did not invoke. Plaintiff acknowledges that he cannot state a claim under § 1983. Presumably, Plaintiff's indication on his Complaint that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1343(3), which invokes the language of § 1983, was made in error. (ECF No. 1-2, at 2.) Plaintiff now argues that he intended to bring his claims under § 1985 instead of § 1983.

Even if the Court were to set aside the Magistrate Judge's references to § 1983, the end result would be the same. The Magistrate Judge noted in the R&R that Plaintiff failed to state a claim because his conspiracy allegations—all of which depend on his allegation that he was never charged with a crime—contradict public records, which clearly and unequivocally state that Plaintiff was charged and convicted of several crimes.[2] Plaintiff does not dispute that fact. Instead, Plaintiff appears to take issue with the process by which he was charged in state court, the legality of the charging documents in his criminal case, and the legality of the state court

---

[2] Because the public records in this case are referred to in the complaint and are central to plaintiff's claims, the Court can consider them in determining whether Plaintiff's complaint states a claim for relief. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

order authorizing the prison cashier to withdraw money from his account.  The Court agrees with

the Magistrate Judge that, if Plaintiff wishes to contest certain aspects of his criminal case (such

as the order authorizing withdrawal from his account), he must do so by appealing that order to

the appropriate court.  His recourse does not lie in filing an independent action in federal court.

To the extent Plaintiff is attempting to bring claims for relief unrelated to the charges

referenced in the 2009 and 2010 criminal cases, the Court again agrees with the Magistrate

Judge that the Complaint fails to give Defendants fair notice of the claims against them.

Dismissal is proper on that ground alone.  *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007) (stating that a complaint must "give the defendant fair notice of what the . . . claim is

and the grounds upon which it rests" (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957))).

An alternative reason exists for dismissing Plaintiff's Complaint.  As noted above,

Plaintiff intended for his Complaint to assert a conspiracy claim under 42 U.S.C. § 1985 against

all Defendants.  But a conspiracy claim under § 1985 has different elements than a typical

conspiracy claim under state law.  According to the Sixth Circuit:

> To prove a conspiracy under section 1985, a plaintiff must show that (1) the defendants conspired together for the purpose of depriving, directly or indirectly, a person or class of persons of the *equal protection of the laws*; (2) the defendants committed an act in furtherance of the conspiracy which caused injury to person or property or a deprivation of any right or privilege of a citizen of the United States; and (3) *the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus*.

*Baseball at Trotwood, LLC v. Dayton Prof. Baseball Club, LLC*, 204 F. App'x 528, 539 (6th Cir.

2006) (citing *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999)) (emphasis added).  If a

plaintiff fails to plead facts suggesting that he or she is a member of a protected class and/or that

the conspiracy was motivated by discriminatory animus, then the court should dismiss the §

1985 claim. *See, e.g., Newell v. Brown*, 981 F.2d 880, 886 (6th Cir. 1993) (affirming the district court's decision to dismiss a § 1985 claim unaccompanied by allegations of "class-based discriminatory animus").

Here, the Complaint contains no allegations that could support the inference that Plaintiff is a member of a protected class. The Complaint similarly is devoid of any allegation that Defendants acted with discriminatory animus in conspiring to deprive Plaintiff of equal protection of the law. Plaintiff's Complaint therefore fails to state a claim under § 1985.

Plaintiff does not offer any additional cognizable objections to the R&R. Accordingly, Plaintiff's objections are not well taken.

## III. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections (ECF No. 6), **ADOPTS** the R&R (ECF No. 2), and **DISMISSES** Plaintiff's Complaint. The Clerk is **DIRECTED** to enter judgment accordingly and terminate this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division. For the reasons set forth above and in the R&R, the Court hereby **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Opinion & Order is not taken in good faith.

**IT IS SO ORDERED**.

/s/ Gregory L. Frost

GREGORY L. FROST
UNITED STATES DISTRICT JUDGE